## Ex Parte Carreras et al.

### Appeal from the District Court of Mayagüez.

No. 141.—Decided June 15, 1904.

Evidence of Birth—Civil Registry—Certificates Issued by Parish Priests —The civil registry is evidence of the birth of a child, and certificates issued by parish priests of records of births entered after the Law of Civil Registry went into effect, have no legal force.

Marriage—Fourth Degree.—Courts of justice have no power to waive the impediment of the fourth degree of consanguinity, except on petition of an interested party and for good cause shown.

## STATEMENT OF THE CASE.

· This is an appeal pending before us, taken by Juan Francisco Bernabé Carreras y Carbó and María Laureana Carbó y González, who have entered an appearance in this Supreme Court, represented by Attorney Sandalio Torres Monge, requesting the reversal and annulment of a decision rendered by the District Court of Mayagüez, which reads as follows:

"Mayagüez, October 1, 1903. Benito Forés, representing Juan Francisco Bernabé Carreras y Carbó and María Laureana Carbó y González, residents of San Sabastián, filed two certificates issued by the parish priest of the village of Rosario, referring respectively to the years 1877 and 1886, in which he requests that, after a judicial inquiry, the impediment of the fourth degree of consanguinity be waived in behalf of Barnabé Carreras and María Laureana Carbó, to enable them to contract marriage.

"The inquiry having been ordered, several witnesses declared that Bernabé Carreras and Laureana Carbó had been living together in sexual relationship for about four or five years and that they thought it would be advisable for them to marry, as otherwise the young woman would be greatly prejudiced, and that if they had not contracted marriage before it was owing to the prohibition imposed by the law.

"The birth certificate of María Laureana Carbó has not sufficient legal force because the inscription bears the date of 1886, and at the time the laws of the civil registry were already in force.

"Moreover, courts of justice cannot waive the impediment of the fourth degree of consanguinity except on petition of an interested party and for good cause, and in the present case the ground alleged is not deemed sufficient.

"In view of section 133 of the Civil Code, the authorization prayed for cannot be granted, and the permission to contract marriage, waiving the relationship of consanguinity existing between Juan Francisco Barnabé Carreras and María Laureana Carbó, is denied. Decided and signed by the judges of the court."

Upon service of this decision and of the one denying the amendment thereof, dated November 2, Attorney Benito Forés took an appeal therefrom, which was allowed both for re-

view and stay of proceedings; and after citation of the parties the record was forwarded to this Supreme Court, where said parties appeared in due time.

A day was set for the hearing, which was had on the 3d of the present month of June, counsel for the parties failing to appear, but the *fiscal* of this court was present and sustained the appeal.

*Mr. Torres Monge,* for the appellants.

*Mr. del Toro, Fiscal,* for the People.

Mr. Justice MacLeary, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law of the decision appealed from are accepted, and in view of the legal provisions cited therein, we adjudge that we should affirm and do affirm the decision rendered October 1, 1903, by the District Court of Mayagüez, with costs against appellants. The record of said court is ordered to be returned, together with the proper certificate.

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.